IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ORIX CREDIT ALLIANCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number: 2:06-mc-03322-MEF |
| v. | ) |
| | ) |
| DELENO MAX HARPER, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST LOWNDES BANK, | ) |
| | ) |
| Garnishee. | ) |

### AFFIDAVIT AND RETURN OF SERVICE

STATE OF ALABAMA    )
                    )
JEFFERSON COUNTY    )

Before me, this undersigned authority, personally appeared Kenneth Johnson, who, being known to me and being by me duly sworn, deposes and says as follows:

1. I, Kenneth Johnson, am over the age of 19 years, not a party to this litigation and qualified under Fed.R.Civ.P. 4 to be a special process server.

2. I served the attached documents upon First Lowndes Bank by delivering the same to Janet Heartsill, at First Lowndes Bank, Fort Deposit on Jan. 2, 2007 at 10:15 o'clock A. m.

FURTHER THE AFFIANT SAITH NAUGHT.

_____
AFFIANT

1529974

Sworn and subscribed before me this the
3rd day of ___January___ 200_7_.

___Crystal Dawn McLean___         [SEAL]
NOTARY PUBLIC
My Commission Expires: _February 26, 2007_

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 DEC 19  A 9:35

DEBRA P. HACKETT, C
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ORIX Financial Services, Inc. f/k/a ORIX Credit Alliance, Inc., | ) ) ) |
| Plaintiff, | ) Case Number: 2:06-mc-03322-MEF ) |
| v. | ) ) |
| Deleno Max Harper, | ) ) |
| Defendant. | ) |

### AFFIDAVIT FOR GARNISHMENT ON JUDGMENT

STATE OF ALABAMA)

JEFFERSON COUNTY)

Before me, the undersigned authority, personally appeared Jennifer A. Harris of Burr & Forman LLP, 420 North 20th Street, Birmingham, Alabama 35203, who being by me duly sworn deposes and says as follows:

I am the attorney for the above-named plaintiff; on the 25th day of April 2006 a judgment was rendered by the United States District Court for the Southern District of New York in favor of above named plaintiff ORIX Financial Services, Inc. f/k/a ORIX Credit Alliance, Inc. ("Judgment Creditor") and against the above-named defendant Deleno Max Harper (the "Judgment Debtor"), in the amount of $172,948.17 with interest in the amount of $140,781.30 plus attorneys' fees and costs in the amount of $34,589.63 for a total judgment of $348,319.10 which judgment was duly registered with the United States District Court for the Middle District of Alabama on the 6th day of June 2006. The Judgment Debtor is justly indebted to the Judgment Creditor in the amount of said judgment together with costs of this writ, less $0.00 paid; and First Lowndes Bank, hereinafter referred to as the Garnishee, is believed to be indebted to the Judgment Debtor, or to have effects of the Judgment Debtor, in its possession or control, and I believe process of garnishment against the Garnishee is necessary to obtain satisfaction of said judgment.

_____
Affiant

SWORN TO AND SUBSCRIBED BEFORE me this
13th day of December 2006.

_____
NOTARY PUBLIC
My Commission Expires: March 28, 2007

1525758

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ORIX Financial Services, Inc. f/k/a ORIX Credit Alliance, Inc., | ) ) ) |
| Plaintiff, | ) Case Number: 2:06-mc-03322-MEF ) |
| v. | ) ) ) WRIT OF GARNISHMENT |
| Deleno Max Harper, | ) ) |
| Defendant. | ) |

TO THE UNITED STATES MARSHAL FOR THE MIDDLE DISTRICT OF ALABAMA, OR TO ANY OTHER AUTHORIZED OFFICER, GREETINGS:

You are hereby commanded forthwith to summon First Lowndes Bank as Garnishee in the above-styled cause to appear within thirty (30) days from the date of service of this process, before the United States District Court for the Middle District of Alabama, at Montgomery, Alabama, and file a written answer, upon oath:

(1) as to whether the Garnishee is or was indebted to the defendant Deleno Max Harper Social Security Number 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 at the time it received this process, or when it makes its answer, or during the intervening time, and in what sum or sums;
(2) whether it will be indebted to him in the future by existing contract or
(3) whether by existing contract it is liable to him for the delivery of personal property or for the payment of money which may be discharged by the delivery of personal property or which may be payable in personal property; and
(4) whether it has or not in its possession or under its control real or personal property or things in action belonging to the said defendant.

Mailing the notarized answer to the Clerk of the Court constitutes making a proper appearance in the court.

The United States Marshal, or other authorized officer, is hereby commanded to serve a copy of the above Writ of Garnishment on the Garnishee, and make return of this Writ and the execution thereof, according to law.

Issued this the 22nd day of December, 2006.

DEBRA P. HACKETT, CLERK
UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
ONE CHURCH STREET
MONTGOMERY, AL 36104
(334) 954-3600

By: _____
Deputy Clerk

1525872

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ORIX Financial Services, Inc. f/k/a ORIX Credit Alliance , Inc., | )<br>)<br>) |
| Plaintiff, | ) Case Number:   2:06-mc-03322-MEF<br>) |
| v. | )<br>) |
| Deleno Max Harper, | )<br>) |
| Defendant. | ) |

### NOTICE TO DEFENDANT OF WRIT OF GARNISHMENT

TO:   Deleno Max Harper
      2073 Fort Dale Road
      Greenville, Alabama  36037

**PLEASE TAKE NOTICE** that copies of the attached Writ of Garnishment and Affidavit in Support of Garnishment have been issued to Garnishee First Lowndes Bank, in the above-styled case.  Please note your rights set forth below.

### RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to you.  This means that a Court may order your wages, money in a bank, sums owed to you, or other property belonging to you, to be paid into Court to satisfy a judgment against you.

Laws of the State of Alabama and of the United States provide that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exempt" from garnishment.  For example, under State law, in some circumstances, up to $3,000.00 in wages, personal property, including money, bank accounts, automobiles, appliances, etc., may be exempt from process of garnishment.  Similarly, under Federal law, certain benefits and certain welfare payments may be exempt from garnishment.  Benefits and payments ordinarily exempt from garnishment include, for example, Social Security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workers' compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY.  WHETHER YOU WILL BE .ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE.  IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

1526380

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES .AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE.  ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM OF EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU.  YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILE IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR .DELIVERED IT.  THE CLERK CANNOT GIVE YOU LEGAL ADVICE.  IF YOU NEED ASSISTANCE YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the plaintiff will have approximately ten (10) days to file a "contest" of your claim of exemption.  If a contest is filed; a Court hearing will be scheduled and you will be notified of the time and place of the hearing.  If the plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and paid to the plaintiff on the judgment against you.

TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY.  IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.

**DEBRA P. HACKETT, CLERK**

By: _[signature]_
Deputy Clerk

1526380

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ORIX Financial Services, Inc. f/k/a ORIX Credit Alliance , Inc.,** | ) ) ) |
| **Plaintiff,** | ) Case Number:  2:06-mc-03322-MEF ) |
| v. | ) ) |
| **Deleno Max Harper,** | ) ) |
| **Defendant.** | ) |

Now, on this day comes First Lowndes Bank, Garnishee in the above-styled action, and for answer to the writ of Garnishment served upon it on the __ day of _____ 200__, upon oath says that it ☐ **IS** / ☐ **IS NOT** indebted to the defendant Deleno Max Harper at the time of service of the writ of Garnishment, or at the time of making this answer; and that Garnishee ☐ **WILL** / ☐ **WILL NOT** be indebted in the future to the defendant Deleno Max Harper by a contract then existing, or at the time of this process; and that Garnishee ☐ **HAS** / ☐ **HAS NOT** in its possession, or under its control, personal or real property, or things in action belonging to the defendant Deleno Max Harper.

Other (Explain)_____

And Garnishee having fully answered, prays to be discharged ☐ **WITH** / ☐ **WITHOUT** reasonable costs in this behalf expended.

_____
Garnishee or Agent (Signature)

SWORN TO AND SUBSCRIBED BEFORE me this the ___ day of _____ 200__.

_____
NOTARY PUBLIC
My Commission Expires:_____

1525882

Form C-21 (back) Rev. 3/97

**PROCESS OF GARNISHMENT**

*Instructions For Determining the Percentage of Wages, Salary or Other Compensation to be Withheld*

I.     GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO RESTRICTIONS OF: §6-10-7, Code of Alabama 1975, and Title 15, §1673, United States Code ("U.S.C"). Under Alabama and federal law, the amount subject to garnishment to collect such judgments shall not exceed the **LESSER** of:

(1) twenty-five (25) percent of "disposable earnings" for the week **OR**

(2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time earnings are payable.

II.     GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §5-19-15, Code of Alabama 1975, as amended by Act 88-294, effective April 12, 1988.

A.     Under this law, **if the debt or demand was created ON OR AFTER April 12, 1988**, the amount subject to garnishment shall not exceed the **LESSER** of:

(1) twenty-five (25) percent of "disposable earnings" for the week **OR**

(2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

B.     **If the debt or demand was created BEFORE April 12, 1988**, the amount subject to garnishment shall not exceed the **LESSER** of:

(1) twenty (20) percent of "disposable earnings" for the week **OR**

(2) the amount by which "disposable earnings" for the week exceed fifty (50) times the federal minimum hourly wage in effect at the time the earnings are payable.

**DISPOSABLE EARNINGS DEFINED:** An employee's "disposable earnings" means that part of earnings of an individual remaining after deduction of amounts required by law to be withheld such as Federal Income Tax, Federal Social Security Tax, and State and Local Taxes.

**NOTICE TO GARNISHEE**

NOTE: If you have in your possession or control property or money belonging to the Defendant (**which is not wages, salary or other compensation**), you should hold the property or money subject to the orders of the Court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of the Defendant.

**(Use the following formula to calculate a garnishment of wages, salary or other compensation)**

(1) Calculate "disposable earnings" for the week (see definition of "disposable earnings" above.

(2) If the twenty five (25) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty five (25) percent. Multiply the "Minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30).

**OR**

(3) If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by fifty (50).

(4) After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the **LESSER** amount. Withhold this amount and pay it into Court as instructed in the "Writ of Garnishment" on the front of this form.

(5) **THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE, IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.**

**PROTECTION AGAINST DISCHARGE:** Title 15, §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subject to garnishment for any one indebtedness.

**NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT**

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a bank, sums owed to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.

Laws of the State of Alabama and of the United States provide that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exempt" from garnishment. For example, under state law, in some circumstances, up to $3,000.00 in wages, personal property, including money, bank accounts, automobiles, appliances, etc., may be exempt from process of garnishment. Similarly, under federal law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempts from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workmen's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL OF YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM OF EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILE IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the Plaintiff will have approximately then (10) days to file a "contest" of your claim of exemption. If a contest is filed, a Court hearing will be scheduled and you will be notified of the time and place of the hearing. If the Plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and paid to the Plaintiff on the judgment against you.

**TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.**

**NOTICE TO PLAINTIFF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT**

If a "Claim of Exemption" is filed in the Clerk's office and mailed or delivered to you by the Defendant, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the Clerk of the Court.

**If a Contest is timely filed,** a court hearing will be scheduled within seven (7) days (or on the next business day thereafter if the court is not open on the seventh day). You and the Defendant will be notified of the time and place of the hearing.

**If you fail to make timely Contest of the Claim of Exemption,** after fifteen (15) calendar days from the filing of such claim by the Defendant the Process of Garnishment and any writ of garnishment issued therein shall be **dismissed** or, where appropriate, **modified** to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS TO HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT A LAWYER FOR ADVICE. THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE.

AO 88(Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| ORIX Financial Services, Inc. f/k/a ORIX Credit Alliance, Inc., | SUBPOENA IN A CIVIL CASE |
|---|---|
| Plaintiff<br>v.<br><br>Deleno Max Harper,<br><br>Defendant. | Case Number:[1]<br>2:06-mc-03322-MEF |

TO:   **FIRST LOWNDES BANK**
       350 Old Fort Road West
       Fort Deposit, Alabama  36032 - 4813

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Burr & Forman, LLP, RSA Tower, 201 Monroe Street, Suite 1950, Montgomery, AL 36104 | January 29, 2007 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Jennifer Harris, Attorney for Plaintiff | 12/28/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer A. Harris, Burr & Forman LLP, 420 N 20th St. Ste 3100, Birmingham, AL 35203, 205-251-3000

(See Rule 45, Federal Rules Civil Procedure, Parts C & D on Reverse)

AO 88(Rev. 1/94) Subpoena in a Civil Case

---

[1]   If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                                                    SIGNATURE OF SERVER

                                                                    _____
                                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1522554                                                                                              2

## EXHIBIT A
## TO SUBPOENA IN A CIVIL CASE

ORIX Financial Services, Inc. f/k/a ORIX Credit Alliance, Inc. ("ORIX") requests that First Lowndes Bank ("1st Lowndes") produce for copying and inspection any and all objects, tangible things, records and documents, whether in draft or final form, in its possession, custody or control, including, but not limited to, printed, handwritten or typewritten materials; data created or stored electronically, including, but not limited to, all documents and metadata stored on electronic storage media, including, but not limited to, hard drives, disks of all types, portable memory devices, tapes, back up tapes, and back up disks; and all e-mails generated by or received by 1st Lowndes or any of its employees that relate, pertain or refer to any of the following:

1. Deleno Max Harper, social security number 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 ("Harper");

2. Max Harper Pulpwood;

3. Any business operated by Harper;

4. Any business in which Harper is an officer, director, member, manager or owner.